# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

**CIVIL ACTION NO. 10-53-DLB**

**KENNETH R. SMITH**  **PLAINTIFF**

vs.        **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**  **DEFENDANT**

\* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kenneth Smith filed an application for a period of disability, disability insurance benefits (DIB), and social security income (SSI) payments on January 28, 2008.[1] (Tr. 65-67). At the time of filing, Plaintiff was forty-five years old and alleged a disability onset date of September 1, 2002. (Tr. 65). He asserts a disabling condition due to back, leg, and collarbone problems, chronic pancreatitis, emphysema, hearing problems, a

---

[1] This is Smith's second application for disability benefits. (Tr. 12). His first application was filed on January 15, 1995, which was denied initially, on reconsideration and in a hearing decision dated November 26, 1996. (Tr. 12). Plaintiff's request for review was granted, and another unfavorable decision was issued for which Plaintiff sought judicial review. The United States District Court for the Eastern District of Kentucky remanded the case, a supplemental hearing was held, and a third unfavorable decision was issued by Administrative Law Judge (ALJ) K. Dickson Grissom on August 27, 2001. (Tr. 12). No further appeals were taken, and the ALJ in this case did not reopen ALJ Grissom's prior decision.

1

limited education, anxiety and stomach problems. (Tr. 49). His application was denied initially and on reconsideration. (Tr. 28-29, 49-51, 55-59). At Plaintiff's request, an administrative hearing was held on March 11, 2009, by Administrative Law Judge (ALJ) Frank Letchworth. (Tr. 48, 231-65). On June 8, 2009, ALJ Letchworth issued an unfavorable decision finding that Plaintiff was not disabled and therefore not entitled to SSI or DIB payments. (Tr. 12-22). This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on January 29, 2010. (Tr. 3-7).

On February 22, 2010, Plaintiff filed the instant action. (Doc. # 1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 10, 13).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance, it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389 (6th Cir. 1999). Even if there is evidence favoring Plaintiff's side, the Commissioner's

2

findings must be affirmed if supported by substantial evidence. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). An administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.      The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date, September 1, 2002. (Tr. 15). At Step 2, the ALJ found Plaintiff's third degree AC separation on the right, chronic back pain, borderline intellectual functioning, and anxiety disorder not otherwise specified to be "severe" impairments within the meaning of the regulations. (Tr. 15). At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17). Specifically, the ALJ evaluated Plaintiff's non-exertional limitations under Section 12.00 (Mental Disorders) and the subsections thereunder, concluding that Plaintiff's condition did

3

not meet or equal the requirements of any listing. (Tr. 17-18).

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform a limited range of light work subject to the following exertional and non-exertional limitations:

> [Claimaint] can sit for no longer than 40 minutes without interruption and stand for no more than 15 minutes without interruption. He cannot climb ladder, ropes or scaffolds and must avoid exposure to pulmonary irritants. He can perform no more th[an] frequent reaching, pushing and pulling with right upper extremity; and no more than occasional overhead motions with the right upper extremity; and no more than occasional stooping, bending, crouching, crawling or climbing of ramps and stairs . . . claimant must avoid work in which reading is an essential job element. He is seriously limited, but not precluded in his ability to maintain attention and concentration, and retains a limited, but satisfactory, ability to follow rules; relate to coworkers; relate to the public; use judgment; respond to supervision; perform simple tasks; and behave in an emotionally stable manner.

(Tr. 19). Based on this RFC, ALJ Letchworth concluded at Step 4 that Plaintiff was unable to perform his past relevant work as a truck driver and driller operator. (Tr. 21).

At Step 5, the ALJ considered the Plaintiff's age, education, work experience and RFC in conjunction with the Medical-Vocational Guidelines and testimony from a vocational expert (VE), and concluded that there exist a significant number of jobs in the national economy–such as packaging and filling machine operator and production worker–that Plaintiff can perform despite his exertional and non-exertional limitations. (Tr. 22). Therefore, the ALJ found that Plaintiff has not been under a disability as defined by the Social Security Act. (Tr. 22).

**C.    Analysis**

Plaintiff advances several arguments on appeal. First, Plaintiff argues the ALJ failed to comply with Social Security Ruling 96-7p, which requires him to set forth "specific reasons" for his credibility finding. Second, Plaintiff contends ALJ Letchworth failed to

4

apply the Sixth Circuit "pain standard" and in so doing committed reversible error. Third, Plaintiff asserts that the ALJ impermissibly ignored substantial evidence of disability; namely, ALJ Letchworth failed to consider Plaintiff's treating physicians' opinions, lay testimony provided at the hearing, and the VE's testimony, all of which constitute substantial evidence warranting a finding of disabled. Each of these arguments will be addressed in turn.

### 1. The ALJ Complied with Social Security Rule 96-7p and Plaintiff's Pain was Insufficient to Constitute a Disability in this Instance

Plaintiff's first two arguments are really just two opposite sides of the same coin, and thus, will be analyzed simultaneously. Plaintiff contends the ALJ failed to (1) set forth specific reasons for his finding that Plaintiff's testimony was not credible and (2) apply the Sixth Circuit's "pain standard." This so-called "pain standard," as Plaintiff refers to it, is simply the well recognized rule that pain stemming from a medical impairment–by itself–may be sufficient to warrant a disability finding. *See King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984). The rule, however, is only applicable where the record is free of any "conflicting medical evidence. . . on the issue of pain." *Id.* Plaintiff's argument rests on the assumption that his subjective complaints relative to pain were improperly rejected by the ALJ, and if properly considered, his pain–standing alone–is sufficient to support a disability finding. This argument is without merit.

Credibility determinations are generally reserved for the ALJ and should not be discarded lightly. *Jones*, 336 F.3d at 476. Meaningful review, however, requires more than "blanket assertions that the claimant is not believable." *Rogers v. Comm'r Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007). Social Security Rule 96-7p requires the ALJ to explain his

5

credibility determination so that it is "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* The Court's review, then, is limited to determining whether the ALJ's explanations for discrediting the Plaintiff's testimony are reasonable and supported by substantial evidence in the record.

ALJ Letchworth, after lengthy explanation, concluded that Plaintiff's "statements concerning the intensity, persistence, and limiting effects" of his disabling symptoms were "not credible." (Tr. 20). Plaintiff complained of severe back and shoulder pain, but the ALJ determined that the severity of pain alleged was not credible because the Plaintiff had failed to seek medical treatment or physical therapy for either of these conditions in the last six and half years. (Tr. 20). *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004) ("[W]hen a claimant alleges pain so severe as to be disabling, there is reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on the claimant's assertions of disabling pain."). The medical records substantiate ALJ Letchworth's assessment: consultative examiner Dr. Robert Hoskins' physical assessment in April 2008 failed to yield any significant limitations with respect to Plaintiff's range of motion or neurologic abnormalities relative to his AC separation or back pain. (Tr. 198-200). Plaintiff further testified at his hearing that the AC separation complained of occurred more than twelve years ago. (Tr. 240). State agency examiner Dr. Gregg opined that Plaintiff is not significantly limited except that Plaintiff's "overhead reaching" is somewhat restricted due to his AC separation on the right. (Tr. 136). On these bases, the ALJ was well within his discretion to accord little weight to Plaintiff's complaint of severe back and shoulder pain.

6

Plaintiff also complained of hearing, breathing, and stomach problems. (Tr. 241). The ALJ observed that although Plaintiff complained of hearing loss the diagnostic and longitudinal records do not support this claim. (Tr. 19). Dr. Hoskins' 2008 assessment does note that Plaintiff is hard of hearing in both ears, but his evaluation is otherwise unremarkable. (Tr. 197). ALJ Letchworth further observed that the record is completely devoid of evidence relative to breathing problems. Treatment records from Dr. Hoskins' 2008 assessment instead indicate that Plaintiff's lungs were "clear to auscultation" and his spirometry results were normal. (Tr. 19, 198, 203). At his administrative hearing, Plaintiff also expressed difficulty with abdominal pain, but ALJ Letchworth noted Plaintiff's lone emergency visit was in January 2007 for pancreatitis, with no subsequent recurrence. (Tr. 208-14, 241). Plaintiff was discharged from the hospital with no significant clinical findings detected after his laboratory studies and abdominal x-rays were normal. (Tr. 216). Plaintiff was instructed to follow up with his physician, but successive treatment records for this condition are nonexistent. (Tr. 216). Accordingly, the ALJ did not commit reversible error when he discredited the severity of Plaintiff's subjective complaints with respect to these conditions.

Contrary to Plaintiff's assertions, ALJ Letchworth stated sufficient reasons for his credibility findings in compliance with SSR 96-7p, which were reasonable and supported by substantial evidence in the record. Given the appropriateness of ALJ Letchworth's credibility findings relative to Plaintiff's subjective complaints of pain, Plaintiff's argument that the ALJ did not properly account for the Sixth Circuit's "pain standard" is without merit. Disabling pain standing alone warrants a disability finding only where the entirety of the record is free of conflicting evidence. As set forth above, the objective medical evidence

7

does not support Plaintiff's allegations of pain, and thus, ALJ Letchworth did not err when he concluded that Plaintiff's pain did not justify a disability finding.  For these reasons, the Court declines to disturb the ALJ's credibility findings on appeal.

## 2. The ALJ's Decision is Supported by Substantial Evidence

From the outset, it is important to note that absent "changed circumstances" in the Plaintiff's condition, ALJ Letchworth was bound by the previous RFC determination made after Plaintiff's first application for disability benefits.  *Drummond v. Comm'r Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997); *see also* SSAR 98-4(6) 63 Fed. Reg. 29771-01 (June 1, 1998); *Dennard v. Sec'y of Health & Human Servs.*, 907 F.2d 598 (6th Cir. 1990); SSAR 98-3(6), 63 Fed. Reg. 29770-01 (June 1, 1998).  ALJ Grissom, in August 2001, determined that Plaintiff was not disabled and capable of a "significant range of light work."  (Tr. 40).

Plaintiff here does not argue the record contains new and material evidence warranting departure from ALJ Grissom's RFC assessment of light work, but generically contends the record is replete with evidence that establishes his disability.  First, he argues that the opinions of his treating and examining physicians constitute substantial evidence in support of a disability finding.  This argument falls short given that the objective medical evidence does not contain records from any treating physician; rather, it contains the reports of two consultative examiners who examined Plaintiff after he filed his claim for disability in January 2008, the opinions of which support ALJ Letchworth's RFC assessment for light work.  (Tr. 189-95, 197-206).

In April 2008, Dr. Robert Hoskins evaluated Smith's alleged physical impairments.  Dr. Hoskins concluded that Plaintiff suffered from a third degree AC separation in his right shoulder, back pain with bulging disc, and had a history of pancreatitis with surgery for

8

pseudocyst.  (Tr. 198).  Dr. Hoskins' evaluation indicated exertional limitations relative to lifting, carrying, and reaching given Plaintiff's AC separation, stating that Plaintiff would not be fit for "heavy lifting, heavy pushing and pulling or heavy labor."  (Tr. 199).

Also in April 2008, clinical psychologist Mary Allen-Gethner evaluated Plaintiff's psychological stability.  (Tr. 189-95). Based on her evaluation, Gethner concluded that Plaintiff was mildly limited in his ability to retain and follow simple instructions, to make simple work-related decisions, and to be aware of normal hazards and take appropriate precautions.  (Tr. 194-95).  She further concluded that Plaintiff was moderately limited in his ability to relate and deal with coworkers and the public, make work-related decisions, and tolerate stress and pressure related to day-to-day work.  (Tr. 195).  Notably, psychologist Gethner observed that Plaintiff did not have a history of mental health treatment.  (Tr. 194).  These assessments are consistent with Plaintiff's prior RFC assessment and do not constitute new and material evidence of a marked decline in Plaintiff's previous RFC for light work.

Second, Plaintiff contends the VE's testimony constitutes substantial evidence of his disability.  A VE's testimony in response to a hypothetical question will provide substantial evidence of claimant's RFC to perform work in the national economy where the question posed accurately reflected the claimant's physical and mental impairments.  *Davis v. Sec'y of Health & Human Servs.*, 915 F.2d 186, 189 (6th Cir. 1990); *see also Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 553 (6th Cir. 2010) (response to hypothetical question to VE provided substantial evidence where the limitations used in the ALJ's hypothetical accurately portrayed claimant's mental condition). It is well established, however, that an ALJ need only include those restrictions which enjoy support when assessed against the

backdrop of the entire record of objective medical evidence. *Stanley v. Sec'y Health & Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994) (in formulating a hypothetical question, the ALJ need only incorporate those limitations which he has deemed credible).

Plaintiff's argument rests on the VE's answer to the third hypothetical question posed by Smith's attorney, which included a restriction that Plaintiff could only stand or sit four hours out of an eight-hour workday. This significant restriction is unsupported by both the medical evidence and the Plaintiff's own hearing testimony. Because the ALJ found Plaintiff's subjective pain testimony inconsistent with the medical record, he was free to disregard the VE's answer to this third hypothetical. *See Hargrove v. Astrue*, No. 4:10-CV-529, 2011 WL 741983, at *6 (N.D. Ohio Feb. 24, 2011); *Brake v. Astrue*, No. 3:07-0258, 2010 WL 2744072, at *12 (M.D. Tenn. June 10, 2010). ALJ Letchworth instead incorporated those physical limitations consistent with Dr. Hoskins' physical assessment, which included "no more than occasional stooping or bending or crouching or crawling," no ability to "climb[ ] ... ladders, ropes or scaffolds," and only "occasional motions overhead with the dominant right upper extremity." (Tr. 198-99, 262). Most notably, ALJ Letchworth included in his first hypothetical, Plaintiff's *own* testimony that he could sit no longer than forty minutes or stand no longer than fifteen minutes without interruption, despite the fact that this limitation was not further corroborated by the opinion of an examining physician. (Tr. 244-45, 261). The ALJ properly relied on the VE's answer to the first and second hypothetical, which contemplated jobs in the national economy that Plaintiff could perform based on the limitations the ALJ deemed credible. *See Varley v. Sec. of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

Lastly, Plaintiff contends that his father's testimony at the administrative hearing provided substantial evidence of disability. "Perceptible weight" must be given to lay testimony where it is fully supported by the objective medical evidence such as "reports of the treating physicians." *Lashley v. Sec'y of Helath & Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983). Here, Plaintiff's father testified that Plaintiff is unable to work because "his back, it hurts him all the time." (Tr. 255). Plaintiff does not specify what part of Mr. Smith's testimony supports a finding of disability, but it is well established that it is the province of the ALJ, not a lay witness, to determine the claimant's ability to work. Accordingly, Mr. Smith's testimony does not–by itself–constitute substantial evidence warranting a disability finding and, to the extent it is inconsistent with the medical record, it was accorded little weight. (Tr. 15).

### III.  CONCLUSION

The record contains substantial evidence supporting the ALJ's decision to discredit Plaintiff's subjective complaint testimony. The ALJ did not err in concluding that Plaintiff's claimed disabling pain was insufficient for a disability finding. Although the record contains differing opinions as to the extent of Plaintiff's exertional and non-exertional limitations, the Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicts in evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). Accordingly, for the reasons stated,

**IT IS ORDERED** as follows:

1. The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

2. Plaintiff's Motion for Summary Judgment (Doc. # 10) is hereby **DENIED**;

3. Defendant's Motion for Summary Judgment (Doc. # 13) is hereby **GRANTED**; and

4. A Judgment affirming this matter will be entered contemporaneously herewith.

This 8th day of March, 2011.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\SocialSecurity\MOOs\London\6-10-53-SmithMOO.wpd